

**ORDERED in the Southern District of Florida on June 4, 2015.**

A. Jay Cristol, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                          Case No. 15-13372-BKC-AJC

ANDREA ROSEN LIEBMAN,                              Chapter 13 Case

    Debtor.
_____/

**ORDER ON EMERGENCY MOTION FOR AN ORDER TO SHOW CAUSE WHY OCWEN LOAN SERVICING, LLL FAILED TO COMPLY WITH THE COURT'S MAY 13, 2015 COURT ORDER TO CANCEL FORECLOSURE SALE OF DEBTOR'S PROPERTY AND FOR ATTORNEYS' FEES [D.E.43]**

THIS CAUSE came before the Court on June 3, 2015 upon the Debtor's Emergency Motion for an Order to Show Cause as to why the lender should not be sanctioned for not stopping the May 14, 2015 foreclosure sale on Debtor's home.  No Order to Show Cause shall issue as this matter arises as a result of the failure of counsel for the Debtor to promptly and timely submit an order to the Court on the Court's oral ruling on May 13, 2015 to enable the state court to stay or cancel the foreclosure sale scheduled for May 14, 2015.  Debtor's counsel also failed to take further action to demonstrate that the Debtor is/was able to confirm a Chapter 13

plan and protect the legitimate interest of the lender.

At the hearing, the lender did not oppose consideration of this matter and, for that, the Debtor and her counsel should be grateful.  The lender also took the generous position of allowing the Debtor additional time to confirm a Chapter 13 plan which may save the Debtor's home from foreclosure.

After hearing the proffers and representations of the parties and upon consideration of the pleadings, and for the reasons stated more particularly on the record at the hearing, it is

ORDERED as follows:

1. The Motion to Vacate Sale pending in Circuit Court, and this Court's oral ruling from the May 13, 2015 hearing granting Debtor's Motion to Stay the May 14, 2015 Foreclosure Sale [D.E. #24] are HELD IN ABEYANCE pending the confirmation hearing on Debtor's Chapter 13 plan scheduled for June 16, 2015.

2. If the plan is not confirmed on June 16, 2015, then the Court's ruling to stay the foreclosure sale shall be vacated, and the foreclosure sale conducted on May 14, 2015 shall be deemed valid, and the Debtor shall withdraw the Motion to Vacate Sale filed in the Circuit Court.  Once the Court vacates its ruling to stay the foreclosure sale, all interested parties may proceed with their post sale rights and remedies, including but not limited to, obtaining a certificate of title and possession of the subject property.

3. If the plan is confirmed on June 16, 2015 the automatic stay will be determined to have been in effect *nunc pro tunc* to the May 13, 2015 oral ruling, and the sale process in Circuit Court will be determined to be void in violation of the automatic stay, **but the violation, if any, is clearly not knowing or wilful and no sanctions will be ordered**.

4. Debtor is directed to appear at an 11 U.S.C. §341 Meeting of Creditors on **June 12,**

**2015 at 3:35 p.m.** at the Claude Pepper Federal Building, 51 SW First Avenue, Room 102, Miami, Florida.  **The Debtor is responsible for immediately serving this Order on all creditors and interested parties and shall thereupon file a certificate of service of same.**

5. The Confirmation Hearing will be held on **June 16, 2015 at 1:35 p.m.** in Courtroom 7, C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, Miami, FL. The Confirmation Hearing will not be continued.

6. Debtor's Attorney, Dorota Trzeciecka, is ordered to attend 6 (six) credit hours of Continuing Legal Education in the area of Bankruptcy Practice and file a Certificate of Completion with the Court and may not appear in Bankruptcy Court until this is completed.

# # #

**Copies furnished to:**

Alice Blanco, FL Bar No.: GA 062160
Aldridge | Connors LLP
Attorney for Secured Creditor
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7498
Fax: (888) 701-8994

Alice Blanco, Esq. shall serve a conformed copy of this Order upon all parties of interest and shall file a Certificate of Service in accordance with Local Rule 2002-1(F