

**ORDERED in the Southern District of Florida on June 22, 2015.**

_____
**A. Jay Cristol, Judge
United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-13372-BKC-AJC

IN RE:

ANDREA ROSEN LIEBMAN,

    Debtor.
_____/

### ORDER DENYING EMERGENCY MOTION FOR REHEARING

THIS CAUSE came before the Court upon the Debtor's *pro se Emergency Motion for Rehearing of Court's Ruling on 6-16-15 Confirmation Hearing with Attached Affidavit and Documents* (DE 92). The record from the numerous hearings held in this case bear out the facts of this case, which differ from those represented in the Debtor's motion. The Court, having considered the motion, and being familiar with the record in this case, finds the motion to be without merit.

To prevail on a motion for rehearing and reconsideration, a party must demonstrate "(1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or manifest injustice." *Spanish Broad. Sys., Inc. v. Clear Channel Commc'ns*, No. 02-21755-Seitz, 2003 U.S. Dist. LEXIS 13945, at *5 (S.D. Fla. Aug. 6, 2003) (citing *Z.K.*

*Marine, Inc. v. M/V Archigetis*, 808 F.Supp. 1561, 1563 (S.D. Fla. 1992)).  The decision to rehear or reconsider a matter is committed to the sound discretion of the court and will only be granted in extraordinary circumstances.  *See Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F.Supp.2d 1286, 1301 (M.D. Fla. 2006)(quoting *Am. Home Assurance Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985)).

The Debtor asserts neither an intervening change in controlling law nor the discovery of new evidence.  The issues raised in the Debtor's motion were previously raised by the Debtor and considered by the Court fully before issuance of the Court's ruling on June 16, 2015.  The Court's prior order enjoining the issuance of the certificate of sale specifically stated that, "[i]f the plan is not confirmed on June 16, 2015, then the Court's ruling to stay the foreclosure sale shall be vacated, and the foreclosure sale conducted on May 14, 2015 shall be deemed valid, and the Debtor shall withdraw the Motion to Vacate Sale filed in the Circuit Court. Once the Court vacates its ruling to stay the foreclosure sale, all interested parties may proceed with their post sale rights and remedies, including but not limited to, obtaining a certificate of title and possession of the subject property."  The Debtor failed to file all required documentation prior to the confirmation hearing and failed to confirm a Chapter 13 plan on June 16, 2014.  Thus, according to the Court's prior order, and for the reasons stated on the record at the June 16, 2015 hearing which are incorporated herein, there is no basis for rehearing. It is therefor

**ORDERED AND ADJUDGED** that Debtor's *pro se Emergency Motion for Rehearing of Court's Ruling on 6-16-15 Confirmation Hearing with Attached Affidavit and Documents* (DE 92) is DENIED.

# # #

Copies furnished to:

Debtor
Debtor's Attorney
Trustee