## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF FLORIDA

www.flsb.uscourts.gov

**In re:**    **Case No. 15-13372-AJC**

**Chapter 13**

**Andrea R. Liebman**

**U.S. COURT OF APPEALS**
**No. 18-10495-CC**

**MAR 1 8 2019**

_____Debtor_____ /

### NOTICE TO U.S. BANKRUPTCY COURT CLERK

### 1. FILING ATTACHED AMENDED REPLY BRIEF

### 2. JURISDICTION IN U.S. COURT OF APPEALS

### 3. TRUST FUNDS OF $38,000+ DEPOSITED WITH CLERK OF BANKRUPTCY COURT IN VIOLATION OF APPELLATE JURISDICTION (DETAILED IN AMENDED REPLY BRIEF)

Andrea R. Liebman formally files Notice To U.S. Bankruptcy Court Clerk 1. Filing Attached Amended Reply Brief 2. Jurisdiction In U.S. Court Of Appeals 3. Trust Funds Of $38,000+ Deposited With Clerk Of Bankruptcy Court In Violation Of Appellate Jurisdiction (Detailed In Amended Reply Brief).

Attention U.S. Bankruptcy Clerk of Court regarding deposited Trust Funds of $38,000 + U.S. Bankruptcy Clerk. These are Trust Funds that should not have been deposited with U.S. Bankruptcy Clerk of Court. The U.S. Court of Appeals maintains Jurisdiction over the U.S. Bankruptcy Court Case #15-13372-AJC. The U.S. Court of Appeals Case # 18-10495-CC.

I, Andrea R. Liebman, cannot take these Trust Funds from the U.S. Bankruptcy Court Clerk Case # 13372-AJC or from the Trustee, as Jurisdiction remains with the U.S. Court of Appeals. The $38,000+ Funds Deposited by the

Trustee Nancy Neidich belong in Andrea R. Liebman's Trust Account until final disposition of the U.S. Court of Appeals Case No. 18-10495-CC.  Andrea R. Liebman therefore, holds the Clerk of Court/any person or entity responsible for accepting or taking these Trust Funds without Jurisdcition to do so during the pendency of this ongoing Appeal, clearly stated on the U.S. Bankruptcy Court Docket. The Appeal is still ongoing as evidenced by and in the attached Amended Reply Brief.


Respectfully Submitted,


Andrea R. Liebman Pro se


Prepared by:

Date: 3-13-2019
Andrea Rosen Liebman  Pro se
P.O. Box 3661
Hallandale, Fl. 33008
786-375-7938   email j3732@aol.com

_____

Andrea Rosen Liebman Pro se

## CERTIFICATE OF SERVICE

I, Andrea R. Liebman Pro se, hereby certify that a true and correct copy was served on 3-13-2019 by U.S. Mail/Fax/email to:

Judge A. Jay L Cristol
C. Clyde Atkins US Courthouse
301 North Miami Avenue, Courtroom 7
Miami, Fl. 33128

U.S. Bankruptcy Court
Clerk of Court
C. Clyde Atkins US Courthouse
301 North Miami Avenue, .
Miami, Fl. 33128

Nancy K. Neidich Esq.
Bankruptcy Trustee
P.O. Box 279806
Miramar, Fl. 33027
Tel. 954-443-4402        Fax # 954-443-4452

Ocwen Loan Servicing LLP (Deutsche Bank National)
Greenberg Traurig, LLP Ft.
401 E. Las Olas Blvd. Suite 2000
Ft. Lauderdale, Fl. 33301

Futura Miami Invest LLC.
C/O Robert C. Meyer, P.A.
2223 Coral Way
Miami, Fl. 33145
Tel. 305-285-8838    fax 305-285-8919  myerrobertc@cs.com

## IN THE UNITED STATES COURT OF APPEALS

### FOR THE ELEVENTH CIRCUIT

**No. 18-10495-CC**

ANDREA R. LIEBMAN

APPELLANT       U.S.D.C. CASE NO.: 1:15-cv-22539-JAL

v.                        U.S.D.C. CASE NO. 1:17-cv-22874-RNS
                          U.S. Bankruptcy Court: #15-13372-AJC

OCWEN LOAN SERVING, LLC
FUTURA MIAMI INVEST, LLC

APPELLEES

Appeal from the United States District Court

For the Southern District of Florida

## AMENDED REPLY BRIEF

**DATE: 2-8-19**

**Prepared by:**

**Andrea R. Liebman**
**P.O. Box 3661**
**Hallandale, Fl. 33009**
**Tel. # 786-375-7938**
**email j3732@aol.com**

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT (CIP)

Andrea R. Liebman Vs. Ocwen Loan Servicing LLC., Et Al Andrea R. Liebman, Appellant, according to 11th Cir. R. 26.1-1(a) Appellant lists all trial judges, attorneys, persons, association of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities, related to a party.

1. Bailey, Jennifer: Dade County Circuit Judge
2. Beach Club Villas Condominium Association ("BCV")-Creditor Matrix
3. Cech Samole, Brigid F.: Counsel for Defendant/Appellee (Ocwen)
4. Clemente, Katherine: Counsel
5. Cristol, A. Jay: U.S. Bankruptcy Judge
6. Deutsche Bank National(Ocwen)
7. Futura Miami Invest LLC.: Defendant/Appellee ("Futura")
8. Gomez, Michael W., Counsel for Beach Club Condo Assoc. (BCV)
9. Greenberg Traurig, P.A., Counsel for Defendants/Appellees (Ocwen)
10. Lenard, Joan A.: U.S. District Court Senior Judge
11. Liebman, Andrea: Appellant
12. Mancebo. Guillermo, Counsel for BCV
13. Menach, Andrea Renee, Counsel for Defendant/Appellee (Ocwen)
14. Meyer, Robert C., Counsel for Defendant/Appellee (Futura)
15. Newman, Ari, Counsel for Defendant/Appellee (Ocwen)
16. Ocwen Loan Servicing, LLC: Defendant/Appellee
17. Ocwen Financial Corporation: Defendant/Appellee
18. Richards, John, Counsel for BCV
19. Rook, Mathew , Counsel for BCV
20. Scola Jr., Robert N.; U.S. District Court Judge
21. Torres, Edwing G.: U.S. District Magistrate Judge

## I. TABLE OF CONTENTS                    PAGE(S)

| | | |
|---|---|---|
| 1. | Table Of Contents | 3 |
| 2. | Table Of Authorities | 3-6 |
| 3. | Jurisdictional Statement | 7 |
| 4. | Statement Of Issues Presented & Statement | 7 |
| | For Each Standard Of Appellate Review | |
| 5. | Statement Of Case And Facts | 7-10 |
| 6. | Summary Of Argument I | 10-12 |
| 7. | Argument I | 12-22 |
| 8. | Conclusion | 22-23 |
| 9. | Certificate Of Compliance Rule 8015(a)(7)B) | 23 |
| 22. | Certificate of Service | 24 |

## II. TABLE OF AUTHORITIES

1. **Latin Maxim: Absurdo** *Reductio ad absurdum*: In logic, *reduction ad absurdum* (Latin for "reduction to absurdity") is a form of argument which attempts either to disprove a statement by showing it inevitably leads to a ridiculous, absurd, or impractical conclusion, or to prove one by showing that if it were not true, the result would be absurd or impossible.

2. **Latin Maxim** Contradictio in adjecto: " contradiction between parts of an argument" (adiectum "brought about , brought forward") differs from a "contradiction in terms", which refers to two contradictory words normally appearing together, eg., "cold heat"

3. **Latin Legal Maxim** *Lex rejicit superflua, pugnantia, incongrua* (The law rejects superfluous, contradictory, and incongruous things)

4. **Latin Maxim of Law** *Judici officium suum excedent non paretur* A judge exceeding his office (or jurisdiction) is not to be obeyed. Said of void judgments.

6. **Latin Maxim of Law** applicable here: *falsus in uno, falsus in omnibus* (False in one thing, false in everything). Dawson v. Bertolini, 70 R.I. 325, 38 A.2d 765, 768.

7. **Latin Maxim of Law** applicable here *Lex non requirit verificari quod apparet curiae* (The Law does not require that to be verified [or proved] which is apparent to the Court)

8. Case Law *In re Nail, Jr.,* 195R. 922(Bankr. N.D. Ala. 1996)

Regarding Oral Orders Enforcing Automatic Stay:

9. Case Law *In re Caputo,* case number 11-15097-BKC-AJC, the Court ruled that an oral ruling is binding.

10. Case Law *In Re Joe Frank Ford Jr.* Bankruptcy No. 02-50780-PWB, Adversary No. 02-5047.

10. Case Law *In Re Mocella* case no. 10-42287 522 B.R. 706(2016)

11. Case Law *In Re Stockwell,* 262 B.R. 275

12. Case Law *In Re Eva & Tyrone Mitchell*

13. Case Law *In Re Sullins v. State Bar* Concealment, Non-Disclosure & Suppression of Information.

14. Case Law *In Re Claudia Aceves v. U.S. Bank N.A.,* Court of Appeal State of California Second Appellate District Division 1 B22092 Regarding Fraud Over Broken Loan Promises:

15. Case Law *In Re Deutsche Bank Natl. Trust Co. v Izraelov* "Bad Faith" Interest forgiven back to time of Default..

16. Case Law *In re Jacobs v. National Drug Intelligence* 548F.3d 375, 378 (5th Cir. 2008) controlling case at bar cool quote "It is well-settled Fifth Circuit Rule of Orderliness that one panel may not overturn another panel's decision, absent intervening change in the law, such as statutory amendment, or the Supreme, or en banc court."

17. Mathar S. Payay, Esq. Article Part III Recent Developments Section 105(A) Of The Bankruptcy Code: "in order to sanction parties who abuse the bankruptcy process, punish creditors through civil contempt remedy for violating the discharge injunction, expand the ambit of the automatic stay to protect third parties related to the bankruptcy process, issue injunctions against third party action to protect the bankruptcy estate, provide for partial discharge of student loans, and order a variety of relief sua sponte."

II. THE BOUNDARIES OF SECTION 105(A) Notwithstanding the broad language of the provision, courts generally have held that section 105(a) of the Bankruptcy Code may not be used to expand the scope of judicial power beyond that granted in other sections of the Bankruptcy Code, but may only be used in furtherance of, and not in conflict with, such provisions."

18. H. Drinker Legal Ethics 76 (1953) Attorneys Duty to the Court against Concealment……………………..

19. U.S.D.C Case # 1:10:-cv-22967 Notice of Removal Aug. 17, 2010 from Dade County Circuit Court Andrea Liebman and Jay Liebman Plaintiffs v. Deutsche Bank National/Ocwen Loan Servicing LLC. Et al.; for predatory lending & 42 USC 1985,

20. Federal Rules of Civil Procedure 8(f) CONSTRUCTION OF PLEADINGS "All pleadings construed as to do substantial justice".

21. Article VI U.S. Constitution Judges shall be bound by anything in the Constitution/Affirmation to support Constitution

22. 42 U.S.C. 1983 Conspiracy One Person

23. 42 U.S. C. 1985 Conspiracy If Two or more Persons in any State or Territory conspire to prevent by force, intimidation or threat To Interfere with Civil Rights of any person…..

24. 42 U.S.C. 1986 Action For Neglect To Prevent- Every Person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to go so…

25. Statute § 153.4 — Reinstatement after Dismissal Revised: June 18, 2004 [1] Bankruptcy courts reinstate Chapter 13 cases or set aside orders of dismissal in Chapter 13 cases, often on less compelling facts than courts otherwise consider sufficient to set aside orders ending litigation. Given the voluntary nature of Chapter 13 and the likelihood of difficulties during the long duration of the case, and recognizing that dismissal often just forces the debtor to refile, courts look favorably on sincere efforts to get back into the Chapter 13 case without having to start over.

26. U.S. CONSTITUTIONAL AMENDMENTS V & XIV

27. U.S. Constitution Judicial Officers make oath…. *Clause 3: ...” judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution; but no religious Test shall ever be required as a Qualification to any*

*Office or public Trust under the United States.*

28. Definition of Arbitrary and Capricious: Black's Law
Dictionary defined: Characterization of a decision or action
taken by an administrative agency or inferior court meaning
willful and unreasonable action without consideration or in
disregard of facts (*Matter of Monochinov. Rohan*, 13 Misc.2d
729).

29. Definition of Fundamental Fairness from Findlaw.com: 1:
the balance or impartiality (of a court proceeding) that's
essential to due process 2: a subjective standard by which
a court proceeding is deemed to have followed due course.

30. Definition of Abuse of Process: Abuse of process refers to the
improper use of civil or criminal legal procedure for an unintended,
malicious, or perverse reason. Lawyers who can be proven guilty of
intentional abuse of process can be subject to discipline and
punishment.

31. Definition of Discharge Injunction: A discharge in the U.S.
bankruptcy law, when referring to a debtor's discharge, is a statutory
injunction against the commencement or continuation of an action (or
the employment of process, or an act) to collect, recover or offset a debt
as a personal liability of the debtor.

32. 11 U.S.C. §362(a)(1)

33. 11 U.S.C. §362(a)(3)

34. 11 U.S.C. §362(c)(2)(B)

35. 11 U.S.C. §3629(d)(1)(2)(3)(4) On a request of a party in interest and
after notice of hearing, the court shall grant relief from the stay
provided under subsection (a) of this section, such as terminating…..

36. 11 U.S.C. §362(k)(1)   Sanctions & Punitive Damages:

37. 11 U.S.C.  §105 (2) unless *inconsistent* with another provision
of this title or with applicable Federal Rules of Bankruptcy
Procedure(see Article Part III Recent Developments Section 105(A) by
Malhar S. Pagay Esq.)

38. FRAP RULE 4: (d) Mistaken Filing in the Court of Appeals. If a
Notice of Appeal in either a civil or a criminal case is mistakenly filed in
the Court of Appeals, the Clerk of that Court must note on the notice

the date when it was received and send it to the district court clerk. The
notice is then considered filed in the district court on the date so noted.

39. INEFFECTIVE ASSISTANCE OF COUNSEL The Supreme Court
has held that part of the right to counsel is a right to effective assistance
of counsel. Proving that their lawyer was ineffective at trial is a way for
convicts to get their convictions overturned, and therefore ineffective
assistance is a common heabus corpus claim. To prove ineffective
assistance, a defendant must show (1) that their trial lawyer's
performance fell below an "objective standard of reasonableness" and
(2) "a reasonable probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been
different." Strickland v. Washington, 466 U.S. 668 (1984).

## III. JURISDICTIONAL STATEMENT
## STANDARD OF REVIEW ON APPEAL

The Court has Jurisdiction to hear this Appeal under 28 U.S.C. §128

(d).

## IV. STATEMENT OF ISSUES

1. Whether Relief From Judgment Rule 60(b)... is still viable.
2. Whether the U.S. Bankruptcy Court erred in denying
   Debtor's attempt to reinstate her Chapter 13 Bankruptcy
3. Whether the U.S. Bankruptcy Court correctly applied the
   factors set forth in In re Stockwell, 262 B.R. 275 (Bankr. D.
   Vt. 2001).
4. Whether the U.S. Bankruptcy Court correctly dismissed
   Debtor's case upon determination that petition was not
   confirmable.
5. Whether Ineffective Counsel is grounds for Reinstatement
   of Dismissal.

## V. STATEMENT OF CASE & FACTS

The Appealed Orders are June 20, 25, & 28, 2018, which included

the July 18, 2017 Final Judgment affirmed by Honorable Robert N. Scola Jr.

on 1-22-18.

To correct the deficiency that the Appellant did not file the June 20,

25, and 28 Orders directly in the U.S. Bankruptcy Court, the U.S. Court of

Appeals issued a DIRECTIVE in their 9-10-18 Order which stated:

"We note, however, that Liebman's amended notice of appeal and second

notice of appeal would have been timely to appeal the bankruptcy court's

June 20, 25, and 28 orders to the district court, had they been filed in the

bankruptcy court. *In re Gen. Coffee Corp.*, 758 F.2d at 1408-09; Fed. R.

Bankr. P. 8002(a).  Therefore, we DIRECT the Clerk to transfer the amended

notice of appeal and second notice of appeal to the bankruptcy court for

docketing as notices of appeal to the district court from those orders. *Id*; see

28 U.S.C. §1631.

Unfortunately, the Clerk of the U.S. Court of Appeals did not transfer

amended notice of appeal and second notice of appeal according to Honorable

Justices 9-10-18 Order "Therefore, we DIRECT the Clerk to transfer the amended

notice of appeal and second notice of appeal to the bankruptcy court for docketing

as notices of appeal to the district court from those orders. *Id*; see 28 U.S.C.

§1631. Appellant relied on her U.S. Constitutionally Guaranteed Rights written in Amendment V & XIV that Guarantees my rights to "due process". The Appellant relied on the Clerk's correction that the corrective filing would clear up these defects."

According to FRAP RULE 4: (d) Mistaken Filing in the Court of Appeals. If a Notice of Appeal in either a civil or a criminal case is mistakenly filed in the Court of Appeals, the Clerk of that Court must note on the notice the date when it was received and send it to the district court clerk. The notice is then considered filed in the district court on the date so noted.

The Appellant relied on "Due Process" & "Equal Protection" to take its course. The Appellant is not at fault once the DIRECTIVE by the Honorable Justices of the U.S. Court of Appeal DIRECTING the Clerk of Court failed to send the amended appeal and second amended appeal back to the U.S. Bankruptcy Court. The U.S. Bankruptcy Court would have moved my amended and second appeal to be heard in the U.S. District Court, which would have followed "Due Process". The Appellant humbly request that U.S. Court of Appeal Justices follow Federal Rules of Procedure 8(f) "all pleadings must do substantial justice". The Appellant believes the detail spelled out in my amended initial brief supports the finding(s) that Honorable A. Jay Cristol in my case "Abused his discretion"/Acted Arbitrarily and the record supports this conclusion.

The Relief from Judgment Rule 60 (b)… was all about relief from 7-18-17

Final Order now under Appeal. 99% of the evidence in the Relief of Judgment occurred before and on 7-18-17. The Appellant never meant to give the Honorable Justices and/or the Appellees the idea that new evidence occurred after 7-18-17 as the main reason why relief should be granted. This perception and interpretation expounded by both Appellees is simply a way of circumventing the truth that the Final Judgment was based on several abuses of discretion/arbitrary rulings by Honorable A. Jay Cristol.

## VI. SUMMARY OF ARGUMENT

My Amended Initial Brief fully details specific dates, facts, transcripts, rulings in the record with supporting case law detailing Honorable A. Jay Cristol's abuse of discretion(s)/arbitrary rulings. The record supports the vacating the 7-18-17 Final Judgment upon the conclusion of this Appellate Review.

My Motion For Relief From Judgment Rule 60(b)... simply gave Honorable A. Jay Cristol an opportunity for Judge Cristol to correct his "abuse of discretion(s) & arbitrary rulings", providing a way out from this ongoing Appeal. In addition my thought, regarding my Motion For Relief From Judgment, gave Honorable A. Jay Cristol an opportunity to correct any "abuse of discretion & arbitrary ruling".

The Court, Judge Jay Cristol, the Appellees and Trustee were aware the violations of the 362(a) automatic stay. Their Answer Briefs ignore all the violations of the Stay & continual "abuse of process". The distribution of $11,383 to Ocwen & $8,243.33 to BCV, total $19,627.16 on or about 1-16-16. Similarly on 12-19-18, the Trustee Nancy Neidich at the direction of Judge A. Jay Cristol closes

my Chapter 13 Trust Account & deposited $36,688.91 with The U.S. Bankruptcy

Clerk, during the pendency of this ongoing Appeal, another *"abuse of process"*.

Judge Cristol also Retroactively Lifted the Automatic Stay on 7-27-15, during the

pendency my initial July 2015 Appeal, another *"abuse of process"*(Honorable

Lenard Ruled that it was an "abuse of discretion" on 9-7-16 in her Memorandum.

I detailed in my Amended Initial Brief why Reinstatement of my Chapter

13 Case and vacating the Dismissal should have been Granted, as it was in Jan.
2016 under the same circumstances. Supported by Statute § 153.4:
"Reinstatement after Dismissal Revised: 6-18-04 [1] Bankruptcy courts reinstate
Chapter 13 cases or set aside orders of dismissal in Chapter 13 cases, often on less
compelling facts than courts otherwise consider sufficient to set aside orders
ending litigation. Given the voluntary nature of Chapter 13 and the likelihood of
difficulties during the long duration of the case, and recognizing that dismissal
often just forces the debtor to refile, courts look favorably on sincere efforts to get
back into the Chapter 13 case without having to start over."

Confirmation was Moot, because of monies I paid into my Trust A/C,

actual damages, special damages & punitive damages, according to 362(k)(1) that

far outweighed I owed Ocwen, BCV & any $ claimed by 3rd Party Purchaser, who

falsely claims that Futura is a Bonafide Purchaser, who cannot apply the Stockwell

Factors. Just another "abuse of process" by Futura.  Honorable A. Jay Cristol

totally ignored this "abuse of process" in  his 7-18-17 Final Judgment now under

Appeal. 11 U.S. 105(a) purpose is to stop, prevent, punish those who commit

"abuse of process" not aid or participate in an "abuse of process":

Legal Article by  Mathar S. Payay, Esq. Article Part III Recent Developments

Section 105(A) Of The Bankruptcy Code: "in order to sanction parties who abuse

the bankruptcy process, punish creditors through civil contempt remedy for violating the discharge injunction, expand the ambit of the automatic stay to protect third parties related to the bankruptcy process, issue injunctions against third party action to protect the bankruptcy estate, provide for partial discharge of student loans, and order a variety of relief sua sponte."

This Article supports my legal conclusion that the application § 105(a) was an

"error", an "abuse of discretion"

I detailed in my Amended Initial Brief that my Attorney Michael Frank,

became "Ineffective Counsel". Although, it was part of my Motion For Relief Rule

60(b)...., the acts by Michael Frank Esq. occurred between 2-10-17 & 7-18-17

(before the Final Judgement of 7-18-17. Supporting case law:

 INEFFECTIVE ASSISTANCE OF COUNSEL The Supreme Court has held that part of the right to counsel is a right to effective assistance of counsel.  Proving that their lawyer was ineffective at trial is a way for convicts to get their convictions Xclaim.  To prove ineffective assistance, a defendant must show (1) that their trial lawyer's performance fell below an "objective standard of reasonableness" and (2) "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668 (1984).

## VII.  ARGUMENT

a.

The Appellant humbly asks the Honorable Justices of the U.S. Court of

Appeals to take into consideration that the disbursement of the $19,627.16 Trust

Funds was made during the jurisdiction of the U.S.D.C. Bankruptcy Appeal that

culminated in the Lenard Memorandum of 9-7-16.  The Appellees ignore any

violation of Appellate Jurisdiction (each an "*abuse of process*") made by the Court,

Trustee and/or Appellee(s) & BCV.

(b)

The record support Appellees & BCV Willfully Violated the Automatic Stay of 5-13-15 (Appellees & Judge Cristol claims no violation(s) of 362(a) Stay): Ocwen violated the Oral Stay on 5-14-15("abuse of process"); Honorable A. Jay Cristol "abuse of process" on 6-16-15: Judge Cristol denied MMM due process & made a Court confirmation deadline a reason to Retroactively Lift the Stay + issued an Order Retroactively Lifting Stay on 7-27-25, violating Appellate Jurisdiction (noted in Lenard Memorandum); Appellees violated appellate jurisdiction, including proceeding to Dade Circuit Court on 7-29-15 (an "*abuse of process*") & evicting my husband & I from our Townhome on 9-1-15 (an "*abuse of process*"). Ocwen & BCV obtained trust funds of approx. $20,000 on 1-16-16 (an "abuse of process"), violating appellate jurisdiction & 5-13-15 Stay during pendency of my initial Appeal, all punishable by 105(a) & 362(k)(1).

Ultimately, Honorable A. Jay Cristol totally ignored multiple acts of "abuse of process" in his 7-18-17 Final Judgment, when Judge Cristol improperly used 11 USC 105(a), according to Mathar S. Payay, Esq. Article Part III Recent Developments Section 105(A) Of The Bankruptcy Code: (quoted above).

Another "abuse of process" was that Futura obtained another $8,000. This lowered Futura's actual payment of my townhome $256,000 not $264,000.

c.

The other $6,000 was Court costs ($264,000+$6,000=$270,000). My original Chapter Plan filed 4-8-15 contained only $25,000 due BCV at the time of Foreclosure on 5-14-15 (BCV never objected before or on 5-13-15 although BCV

had opportunity). The $52,000 figure was "cherry picked" by in a subsequent plan based on my retaining my Townhome. This translated into a $27,000 savings for Futura. When you deduct the $8,000 & the correct debt of $25,000, Futura reduced the purchase price another $27,000 + $8,000=$35,000. The actual Foreclosure Sale was $264,000 less $35,000=$229,000 that Futura actually paid. All this is ignored in Appellee(s) Answer Brief and by Honorable A. Jay Cristol in his 7-18-17 Final Judgment.

d.

At the subsequent hearings after 7-18-17 Final Judgment & in the Transcript of May 2018, it became apparent that BCV added another $10,000 to what they claim I owed them (with no proof similar to their coming up with $52,000) when I only acknowledged $25,000 in my original Chapter 13 Plan on 5-13-15. Judge A. Jay Cristol ignored the fact that BCV took $8,000 from my Trust A/C on 1-16-16 (as well as my original Chapter 13 Plan with $25,000 due BCV), during pendency of my initial appeal. The fact that Judge Cristol failed to include this $8,000+ and $11,000+ (paid when the Stay was in effect & during Appellate Jurisdiction in his accounting of the Final Judgment of 7-18-17 taken by both BCV & Ocwen. This accounting error is grounds alone to void the 7-18-17 Final Judgment. The return of $11,383.83 by Ocwen does not vindicate Ocwen from violating the Automatic taking of those Trust Funds when Honorable A. Jay Cristol acknowledged that Ocwen was fully paid from the Funds & Surplus Funds of Foreclosure proceeds from the *void ab initio* Foreclosure Sale.  Honorable A. Jay Cristol should held Appellees & BCV in Contempt, according to *In re Mocella*

G

case conclusion and Honorable Joan Lenard's Memorandum Opinion & Remand that Ocwen Willfull violated the oral automatic stay of 5-13-15(repeatedly ignored in Appellees Answer Brief(s).

e.

A very interesting point, is when Judge Cristol gave all the Trust Funds to Futura, a Third Party Purchaser, who is not a Bonafide Purchaser (detailed & reference in the Lenard Memorandum subscript [9]), until I made a timely Motion For Reconsideration, in February 2018, leading to grounds for my timely filed Motion For Relief From Judgment Rule 60(b).…..

[8] Additionally, as explained infra, the May 14, 2015 foreclosure sale was void ab initio. Accordingly, there was nothing to stay because the foreclosure sale was a legal nullity.

[9] The parties have not briefed whether the defense of a good faith purchaser can validate an otherwise void sale; however, there is at least some case law which suggests that it cannot. See, e.g., In re Ford, 296 B.R. 537, 545 (Bankr. N.D. Ga. 2003).

[10] The Court is aware that Judge Cristol found, in passing, that Appellee did not willfully violate the stay. However, this legal conclusion lacks factual support in the record.

f.

Judge A. Jay Cristol and the Appellees totally ignored these findings. I, Appellant, must emphasize that Honorable Joan A. Lenard titled her Order "Memorandum Opinion And Order Remanding This Matter For Further

Proceedings Consistent With This Opinion".   The 7-18-17 Final Order & the Appellees Answer Brief(s) explanations are not consistent with the Lenard Memorandum.

g.

Specifically, the Appellant points out that Judge Cristol and the Appellees ignored subscripts [8, 9, 10] quoted above, which I believe is a continued abuse of discretion in determining the 7-18-17 Final Order. How can Judge Cristol allow Futura, a 3rd Party Purchaser, to propose a Motion Retroactively Lifting the Automatic Stay based on the Stockwell Factors ignoring Honorable Lenard's reference to subscript [8, 9, 10.] Subscript [9] refers to In re John Frank Ford Jr., which I made detailed reference to in my Amended Initial Brief.  Clearly, Honorable Joan A. Lenard mentioned the *In re Joe Frank Ford Jr.* case, because it spells out when a "Bonafide Purchaser" can make a *void ab initio* sale valid. Only under 549(c) can "the defense of good faith (Bonafide Purchaser) validate an otherwise void sale; however there is at least some case law says that it cannot." Futura purchased our Townhome at a foreclosure sale not from me, the Debtor, in willful violations of the automatic stay, and it has to be at fair market value not from a Court Ordered Foreclosure. Honorable A. Jay Cristol ignored Judge Lenard's Remand when he Granted Futura's Motion To Retroactively Lift the Automatic Stay when the only motion they could have made is to try and apply 549(c) to overcome the void ab initio foreclosure sale. Further, Judge Cristol heard on 5-13-15 Ocwen's Objection to Reinstating the Automatic Stay based on the Factors in 362(d) 1-4, which are similar

to the Stockwell Factors. Ocwen & Honorable Judge Cristol determined on 5-13-15 mutually agreed to Reinstating The Automatic Stay (Ocwen voluntarily by their Attorney "I will inform the Foreclosure Department To Stop The Foreclosure Sale". Ocwen initially objected to Reinstatement of the Auto Stay on 5-13-15 Motion Objecting To Staying 5-14-15 scheduled sale. Ocwen's Motion was based on **362(d)1-4** (precludes Ocwen from using Stockwell Factors). according to Factor 5) by accepting my original Chapter 13 filed 4-8-15 Plan with $3600 (2 monthly Chapter 13 payments of $1800 each). Stockwell factor # 5 invalidated the Stockwell Factors, because Ocwen had approx. 70 days to object to Reinstating the Automatic Stray & did so on 5-13-15. Ocwen waived their right to use the Stockwell Case 7 factors voluntarily when Ocwen accepted the $3600 and voluntarily agree to Honorable A. Jay Cristol's Granting of the Automatic Stay (reimposed) with no conditions on 5-13-15. All this was detailed in my Amended Initial Brief and ignored by the Appellees throughout their Answer Brief(s). If anything 105(a) should have been used to enforce his Oral Order to Reimpose the Stay on 5-13-15 & punish the Appellees & BCV for their continual "abuse of process".

h.

The Appellees have pointed out facts regarding some additional pleadings/Court Hearings that came after the 7-18-17, however these pleadings mostly revolved around events that happened before and on 7-18-17 when Honorable A. Jay determined his Final Judgment on 7-18-17 now under Appeal.

i.

I believe and still believe that Judge Cristol's incorrect accounting in the 7-18-17 Final Judgment, especially concerning the $20,000 dispersed during the initial ongoing appeal, is enough evidence in itself to Grant Relief From Judgment Rule 60(b) and to Grant Vacating the 7-18-17 Final Judgment without ruling on the Denial of my Motion For Relief From Judgment Rule 60(b)....

j.

My Amended Initial Brief contains numerous references to Orders &
facts in the record/Transcripts that support that Honorable A. Jay Cristol
"Abused his Discretion" and acted "Arbitrarily" many times after 5-14-15 (the day
Ocwen willfully violated Honorable A. Jay Cristol's Oral order
Granting/Reinstating the "Automatic Stay" inclusive of 7-18-17 Final
Judgment now under Appeal. Honorable Joan A. Lenard found that Judge A. Jay
Cristol abused his discretion in her **Memorandum Opinion And Order
Remanding This Matter For Further Proceedings Consistent With This
Opinion on 9-7-16**. Honorable A. Jay Cristol & both Appellees simply "cherry
picked" the Lenard Memorandum Order as well as the Appellant's Chapter 13
Plans to camouflage Honorable A. Jay Cristol's "Abuse of Discretion(s)/Arbitrary
Rulings" inconsistent with the Lenard Memorandum Opinion & Remand. The
Appellees cherry pick and twist data to reach conclusions not consistent with
Honorable Joan A. Lenard's "Memorandum Opinion". I detailed & pointed this
"Cherry Picking" out in my Amended Initial Brief.

k.

COURT, TRUSTEE, APPELLEES IGNORE DAMAGES TO APPELLANT

One of the most important facts is that Honorable A. Jay Cristol, Appellees
and Trustee intentionally ignore the damages my husband, Jay Liebman and I,
Appellant, suffered as a result of the willful violation of the automatic stay and
subsequent wrongdoing, errors, violation of jurisdiction by the Judge Cristol, the
Appellees, & Beach Club Villas. The damages keep is accruing damages (adding

up $ paid in to Trust a/c, actual damages alone without punitive damages) exceed what I owed Ocwen and BCV as well as any monies claimed by Futura. The need for a Confirmation expounded in Amended Initial Brief became Moot.

1.

All parties knew full well that there was an Oral Order by Judge Cristol on 5-13-15 Reinstating the Automatic Stay. This has become the most obvious abuse of discretion/arbitrary ruling. Honorable A. Jay Cristol refuses to acknowledge that he ever reimposed or Reinstated The Automatic Stay on 5-13-15. The Appellees use this abuse of discretion to what they believe will obtain a favorable ruling  & reiterate in their Answer Briefs. Judge Cristol and the Appellees refuse to acknowledge that the Oral Automatic Stay was effective, clearly stated in the Lenard Memorandum. Judge Cristol & the Appellees continue to "Cherry Pick" the Memorandum.

m.

I quote Honorable Joan A. Lenard's Memorandum under 2. ("This was a motion for hearing to stay – well I mean, to enter the automatic stay and it's granted.") This behavior and refusal to acknowledge that the Stay was reinstated on 5-13-15 is a basis alone to overturn the 7-18-17 Final Judgment. Transcript 2-7-17 Judge Cristol states page 3 line 25, page 4 lines 1-5 MR. FRANK "They went through the three issues number one that it - - was a void sale, number two - - - THE COURT: Yeah, well, that's - - wrong, you see, because they used the word reimpose the stay.  The stay cannot be reimposed.  So the stay was not reimposed, so the sale is not void. MR. FRANK: But that's not what the order said, Judge." Page 4 lines 11-15: THE COURT: "There are some places where, through carelessness, the term reimpose the stay was used, in other places it talked about

enjoining, and this was an injunction under Section 105. It couldn't be reimposing of the stay because the law doesn't allow it, so it - - " **11 U.S.C. §105 (2) unless** *inconsistent* **with another provision of this title or with applicable Federal Rules of Bankruptcy Procedure.** In addition Honorable Cristol's ignoring the fact that Futura is not a Bona Fide Purchaser (see In re Joe Frank Ford Jr.) was an "error" and "abuse of discretion, when he Granted Futura's Motion To Retroactively Lift The Automatic Stay on 7-18-17.

n.

According to the Lenard Memorandum "4. Judge Cristol did not enter a written order lifting the stay of the foreclosure sale until after the Appellant filed her Notice of Appeal". In spite of my filing a timely Appeal before Judge Cristol retroactively lifted the Stay on 7-27-15 without jurisdiction & without informing me or my Attorney Michael Frank, the Appellees & BCV (not waiting 14 days for the Order to become Final proceeded on 7-29-15 in Dade County Court, during the Pendency of an Appeal. Futura evicting the Appellant from her home on 9-1-15 was well informed that there was a Stay in effect as well as an Appeal.  Judge Lenard determined that I was entitled to damages "this does not foreclose other forms of relief – including damages against the Appellee here – appears to have willfully violated the automatic stay.[10]   Futura did not violate the Stay not on May 14, 2015, however Futura, Ocwen & BCV participation in the Jul 29, 2015 Hearing was a violation of the Oral Automatic Stay, along with other continuing Civil Proceedings through Sept. 1, 2015. Futura eviction on 9-1-15 of my husband and I from our Townhome caused us catastrophic damages to our home, furnishings, personal belonging and our persons, that my husband and I sustained and still accruing to this very day far outweigh any claims made by Appellees & BCV.

Thus making the Confirmation Process Moot. All these facts and willful violations of the automatic stay have been ignored by Honorable A. Jay Cristol and the Trustee. It is therefore evident that Judge Cristol "abused his discretion". The Appellees have ignored these facts that I presented in my Amended Initial Brief in their Answer Briefs.

o.

My Chapter 13 Case needs to be Reinstated as the Trustee needed to respect the Jurisdiction of this Court. The $36,688.91 that I learned through 2 advertisements & a Notice From The Trustee Re Deposit with U.S. Bankruptcy Court (attached) is similar to how I learned about the 5-14-15 Foreclosure Sale. I noted in my Amended Initial Brief I learned about the Foreclosure Sale not from Ocwen, who hid the Sale from my Attorney & I (which in itself proved Ocwen Willfully violated the Automatic Stay ( I learned from solicitations that $52,000 of Surplus Funds existed . I ask the Honorable Justices to order the return of these Funds to my Trust account, so that I my Chapter 13 case can be properly discharged.

p.

## FORECLOSURE SALE VOID AB INITIO

The Foreclosure Sale was *Void Ab Initio* on 5-14-15. Futura is renting my Townhome without clear title and does not live there. Futura has already received thousands of rental income based on a *Void Ab Initio* Foreclosure Sale, which is part of my claim for damages. Futura voluntarily involved themselves in an automatic stay violation of 11 USC 362(a). Therefore Futura & Ocwen must suffer the consequences of their actions according to 362(k)(1) supported by case law *In re* Mocella. Lenard Memorandum contains case law *In re Joe Frank Ford Jr.* that

supports the legal conclusion that Futura is not a Bonafide Purchaser. Honorable
A. Jay Cristol ignored this case law, which clearly details 549(c) exception. Futura
purchased my Townhome at a Foreclosure Sale at sub market value, when I clearly
stated the correct value in my original Chapter 13 Plan of $385,000 not $285,000.


## VIII.   CONCLUSION

### (1)

The Appellant humbly asks the Honorable Justices to return the
Appellant's Townhome as a result of Ocwen, Beach Club Villas, and Futura's
Willful violation(s) of the 362(a) Automatic Stay. Appellant should be awarded
damages according to 362(k)(1) supporting case law *In re* Mocella.  Honorable A.
Jay Cristol's abuse of discretion(s)/arbitrary rulings are inconsistent with the
Lenard Remand that also stated that Ocwen Willfully Violated the Automatic Stay
(noting the record did not support Judge Cristol's opposite conclusion). 11 USC
362(k)(1) violation(s) are clear on the face of the record before and on 7-18-17
Final Judgment. The record that followed into my Amended & 2nd Amended
Appeal also supports the vacating of 7-18-17 Final Judgment.

### (2)

The Appellant humbly asks that her Amended & 2nd Amended Appeal be
sent down to the U.S. Bankruptcy Court, as it was previously ordered. This way
"due process" will correctly take place, in order for the U.S. District Court to Rule
on the Amended & 2nd Notice of Appeal, according to "due process guaranteed
in the U.S. Constitution stated in the 5th & 14th Amendments". The U.S. Court of
Appeals can then review these 2 orders along with the 7-18-17 Final Judgment.

### (3)

Appellant emphasizes that Honorable A. Jay Cristol's Granting Futura's Motion To Retroactively Lift the Automatic Stay, who incorrectly claims to be a Bonafide Purchaser, was an "Abuse of Discretion", a firm basis for vacating the 7-18-17 Final Judgment. Honorable A. Jay Cristol's application of 105(a) is inconsistent with enforcing 362 Bankruptcy Law & empowered Appellees & BCV to continually commit "abuse of process". The Appellees simply ignored Honorable A. Jay Cristol's "abuse of discretion(s)/arbitrary rulings" in their Answer Brief(s).

### (4)

Appellant timely Appealed all Appealable Orders and Final Order(s). Therefore the Oral Stay of 5-13-15 is still effective.

### (5)

Honorable A. Jay Cristol Retroactively Lifted The Automatic Stay on 7-27-15 without jurisdiction (an "abuse of process", during the pendency of the Lenard Appeal (noted in the Lenard Memorandum of 9-7-16) apparently to Moot the Appeal. Honorable A. Jay Cristol's recent ordering & directing Trustee to return Trust Funds, during this Appellate Jurisdiction was done with the same objective to make this Appeal Moot.

Note: There are 3 sets of attachment(s), concerning the Trustee Depositing Trust Funds with the U.S. Bankruptcy during Appellate Jurisdiction & 2 advertisements..

### CERTIFICATE OF COMPLIANCE

I certify that this document complies with the type-volume limitations set forth in Fed. R. App. P. 32. This filing contains 6141 words. Microsoft Word 8 Software was used to count the words less 231 words of CIP.

*[signature]*

_____

Andrea Rosen Liebman Pro se

## CERTIFICATE OF SERVICE

*[signature]*

Andrea Rosen Liebman Pro se

I HEREBY CERTIFY that a true and correct copy of Appellant's Reply Brief has been served by depositing in U.S. Priority Mail & U.S. Mail on 2-8-2019 to the other parties listed below:

US Court of Appeals/ Eleventh Circuit
Office of The Clerk
56 Forsyth St. , N.W. Atlanta, Ga. 30303

Robert Meyers Esq. Miami, Fl. 33145

Greenberg Traurig, LLP Ft. Lauderdale, Fl. 33301

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

IN RE:

                                                          **CASE NO.: 15-13372-BKC-AJC**

ANDREA ROSEN LIEBMAN                                   PROCEEDING UNDER CHAPTER 13

DEBTOR                      /

## NOTICE OF DEPOSIT OF FUNDS WITH
## THE UNITED STATES BANKRUPTCY COURT CLERK

**NOTICE IS HEREBY GIVEN THAT:**

The Trustee has a balance of $36,688.91 remaining in her bank account which represents unpresented checks drawn and mailed to debtor(s)/creditor(s) in the above named case. Your trustee has made a good faith effort to verify the correct mailing address for said debtors(s)/creditor(s) and deliver the funds before pressenting this notice. More than sufficient time has passed for these checks to be presented for payment, or the creditor has returned funds indicating they refuse the funds.

Attached and made a part of this notice, is a list, pursuant to FRBP 3011, of the names, claim numbers and addresses of the debtor(s)/creditor(s) and the amounts to which each is entitled.

    **WHEREFORE,** your Trustee hereby gives notice that the above-stated sum has been deposited with the Clerk of the United States Bankruptcy Court, Southern District of Florida, to effect closing this estate.

Date:        _12-19-18_

                                          NANCY K. NEIDICH, ESQUIRE
                                          STANDING CHAPTER 13 TRUSTEE
                                          P.O. BOX 279806
                                          MIRAMAR, FL 33027-9806

**COPIES FURNISHED TO:**

    ANDREA ROSEN LIEBMAN                             ANDREA ROSEN LIEBMAN
    POB 3661                                          POB 3661
    HALLANDALE, FL 33008                           HALLANDALE, FL 33008

    U.S. TRUSTEE
    51 S.W. 1ST AVENUE
    MIAMI, FL 33130

NOTICE OF DEPOSIT OF FUNDS
CASE NO.: 15-13372-BKC-AJC

ATTACHMENT

## NOTICE OF DEPOSIT OF FUNDS WITH THE
## UNITED STATES BANKRUPTCY COURT CLERK

### ATTACHMENT - LISTING OF CLAIMANT

### CASE NO.: 15-13372-BKC-AJC

ANDREA ROSEN LIEBMAN                                          $36,688.91
POB 3661
HALLANDALE, FL  33008

RE: 15-13372-BKC-AJC
ANDREA ROSEN LIEBMAN
P.O.B 3661
HALLANDALE, FL 33008

330C0S3661   B032

NANCY K. NEIDICH
Chapter 13 Standing Trustee
P. O. Box 279806
Miramar, FL 33027

**APL, Inc.**
3855 South Boulevard, Suite 200
Edmond, OK 73013
www.apl-inc.com

Fax (405) 340-5968
E-Mail: nmgoen@apl-inc.com

Toll Free (800) 730-4343 ext. 11
Office  (405) 340-4900 ext. 11

December 27, 2018

Andrea Rosen Liebman
PO BOX 3661
Hallandale, FL  33008

Re:   **Unclaimed Bankruptcy Funds
($36,688.91)
Proposed Recovery Fee: 1/4th of
The Amount Actually Recovered**

Dear Andrea:

Our company is an independent research and retrieval firm. We have been successfully recovering funds from bankruptcy cases since 1993. In this instance, we have located unclaimed bankruptcy funds of approximately $36,688.91 arising from an old case due to Andrea Rosen Liebman. These funds are unclaimed because the Court/U.S. Treasury holding the funds was unable to locate you, likely due to a change of address. The Court is not required by law to search for you after their initial attempt.

Our standard procedure is to charge a percentage fee of only the funds which are recovered. We receive a percentage fee *only upon the successful recovery of the funds*. If no funds are recovered, then you owe no fee. The attached Service Agreement provides additional information for this recovery.

We believe that you will be pleased with our services. In order to start the recovery process, please sign the Service Agreement and e-mail to me or fax to (405) 340-5968. Feel free to contact us at any time. We look forward to working with you.

Sincerely,

Neely Goen

NMG
Enclosure

Member of the Better Business Bureau Since 1993. For information call The Better Business Bureau of Oklahoma City at (405) 239-6081 or visit their website at www.oklahomacity.bbb.org

# SERVICE AGREEMENT
# FOR THE RECOVERY OF
# UNCLAIMED BANKRUPTCY FUNDS

This Service Agreement for the Recovery of Unclaimed Bankruptcy Funds, dated as of December 27, 2018, is by and between Andrea Rosen Liebman ("Claimant") and APL, a research and retrieval corporation.

1) APL agrees to identify, locate and implement a recovery process to return funds owed to Claimant currently in the amount of **$36,688.91**.

2) Upon receipt of a signed agreement, APL will i) disclose the exact nature of the funds, ii) discuss with Claimant the various recovery procedures and iii) forward additional documents to Claimant.

3) Claimant's execution of this agreement does not obligate Claimant to recover the funds. If Claimant does not wish to recover the funds, Claimant owes no fee to APL. However, if at any time Claimant wishes to recover these funds, with or without the assistance of APL, then the fee provided for herein shall apply.

4) **No fee whatsoever will be paid to APL unless the funds, or any part of them, are actually recovered and returned to Claimant.**

5) APL will pay all costs and expenses associated with recovering these funds and returning them to Claimant. APL may, at any time, choose to abandon pursuit of any potential recovery by notifying Claimant in writing of such choice and Claimant may thereafter pursue recovery of the unclaimed funds/distributions without obligation to APL.

6) The fee to be paid APL (only upon a successful recovery of the funds) for the service to recover the above amount or any additional amounts is 1/4th of the funds successfully recovered.

7) All of Claimant's information will be kept in the strictest of confidence.

APL, INC.

By: _____
    Neely Goen

Dated: December 27, 2018

Address: 3855 South Boulevard, Suite 200
         Edmond, OK  73013

Accepted and Agreed to
This _____ day of _____, 201__.

Andrea Rosen Liebman

_____

Address: PO BOX 3661
         Hallandale, FL  33008

Telephone: (    ) _____

E-Mail: _____

**Member of the Better Business Bureau Since 1993. For information call The Better Business Bureau of Oklahoma City at (405) 239-6081 or visit their website at www.oklahomacity.bbb.org**

American Property Locators, Inc.
3855 South Boulevard, Suite 200
Edmond, OK 73013
(Forwarding Address and Correction Requested)

OKLAHOMA CITY
OK 730
27 DEC '18
PM 6 L

33008-366161

Andrea Rosen Liebman
PO BOX 3661
Hallandale, FL 33008

# JM Partners LLC
## 6800 Paragon Place  Suite 202
## Richmond, VA 23230-1656

Fax    804-285-0939                                                              Email JMarshall@JMPartnersLLC.com

December 31, 2018

| Andrea Rosen Liebman | Andrea Rosen Liebman | Andrea Rosen Liebman |
|---|---|---|
| 10174 Mangrove Dr Apt 302 | 12 Willow Terrace | 1512 Apple Creek Lane |
| Boynton Beach, FL 33437 | Andover, NJ 07821 | Santa Rosa, CA 95401 |

### RE: JMP File # 92091s

Dear Ms. Liebman;

This is to provide some reference information on our firm, in support of our dormant funds location and recovery efforts. First and foremost, please browse our website for general information about our firm, what we do, and such specifics as our privacy and confidentiality policies. Our website is found at www.JMPartnersLLC.com. As part of your review, please note that we literally pioneered the option of purchasing these type of accounts from the owner such that they get their money right away, and we then separately go through the time, headache and burden of dealing with the Courts and waiting for what can be many months in order to be paid ourselves. There are now some copy-cats that have piggy-backed on our program, but most firms that contact you about this will want you to sign a Power of Attorney allowing them to collect as your agent, forcing you to wait to get your money. All our clients have always been very pleased with the quick turnaround we offer, and the lack of a required POA which is always risky to sign! With all that mind, as for some specific client references, we offer:

1) Our entry into this type of business was over 20 years ago, and started when we have our own "unclaimed dividend" account from a bankruptcy claim. Upon researching the situation, it occurred to us how many such accounts existed around the country (many USBC Districts hold over 10,000 such individual accounts – and there are 94 USBC Districts in America, so as you can gather the amount is enormous). Interesting enough, a very substantial percentage of the accounts are actually owed to government agencies – and our initial primary customer was the FDIC, who basically is the successor owner to all such accounts once owed to a bank which subsequently failed. We have participated in an untold amount of such recoveries with and for the FDIC – and count several other governmental agencies as present or past clients.

2) In addition, we have performed such recovery work for and with most of the major banks in America, including but not limited to **JPMorganChase, Bank of America, the BNY Mellon, M&T Bank, Zion's Bank, Banco Bilbao Vizcay, BB&T, and US Bank**, just to name a few.

3) Among the large corporations we have worked with are **CIGNA, MetLife, Lufthansa, American Express, Tenent Healthcare, St. Paul Travelers, Viacom, Chevron, Xerox, and USAA.**

The names I have listed above are simply a sample of what will likely be familiar names to you, and that we have worked with over the years and/or have more recent engagements with. However, we would stress that *we have handled untold thousands of such recoveries for small business and individuals nationwide* – and if you are reading this letter, then we have found some funds due to you, and we would very much appreciate the opportunity to work with you on this matter. I am confident that you will find our service both the most economical – providing you instant cash right away, and not forcing you to wait for any unknown events in the future that might delay, hinder or negate your payment – and the most efficient and expeditious service among those in this line of work (*you completely control how long it takes to get your money – and many clients have actually received the cash from us via wire transfer as quickly as the very next day after receiving the letter*).

I hope all of this information is adequate to help you develop a level of comfort with us – though I am happy to give you any other detail that you might need. I look forward to getting your cash for your account in the very near future!

Very truly yours,

John J. Marshall
Managing Member

Asset Location & Recovery Services – Bankruptcy Claims Management & Investing
Phone 804-285-0807 / Fax 804-452-7492 / www.JMPartnersLLC.com

**NOTICE OF DEPOSIT OF FUNDS**
**CASE NO.: 15-13372-BKC-AJC**

## ATTACHMENT

NOTICE OF DEPOSIT OF FUNDS WITH THE
UNITED STATES BANKRUPTCY COURT CLERK

ATTACHMENT - LISTING OF CLAIMANT

CASE NO.: 15-13372-BKC-AJC

ANDREA ROSEN LIEBMAN                                         $36,888.91
POB 3661
HALLANDALE, FL 33008



$0.470
US POSTAGE
FIRST-CLASS
FROM 23230
DEC 31 2018
stamps.com



RICHMOND
VA 230
31 DEC '18
PM 6 L

Andrea Rosen Liebman
10174 Mangrove Dr Apt 302
Boynton Beach FL 33437-1330

JM Partners LLC
6800 Paragon Place, Suite 202
Richmond, VA 23230



US POSTAGE
$7.35
PM 2-Day
33009 0004
02/08/19
11480940

PRIORITY MAIL 2-Day®

EXPECTED DELIVERY DAY: 02/11/19

C007

SHIP
TO:
U.S. COURT of Appeals
Clerk of Court
56 FORSYTH ST
NW
ATLANTA GA 30303-2218

USPS TRACKING NUMBER

9505 5066 3231 9039 0321 84

FROM:
Arthur R. Lebowitz
P.O. Box 3661
Hallandale FL 33008

CONTAINS:
Orig. Amended
Reply Brief
+ copy to be
returned stamped

PRIORITY®
★ MAIL ★

▪ DATE OF DELIVERY SPECIFIED*

▪ USPS TRACKING™ INCLUDED*

▪ INSURANCE INCLUDED*

▪ PICKUP AVAILABLE
  * Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

